IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ATRIUM CORPORATE CAPITAL LIMITED, )<br>one of the capital providers for Lloyd's of )<br>London Syndicate 609, the sole Lloyd's )<br>Syndicate Subscribing to Lloyd's Policy )<br>No. ATR/LR/336888, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　)<br>　　vs. )<br>　　　　　　　　　　　　　　　　　　)<br>DARRELL WILLIAMS; ELIZABETH'S )<br>SC, LLC *d/b/a Envy SC, LLC*; GLOBAL )<br>MOVEMENT, LLC; WILLIAM SCURRY; )<br>PARADISE ISLAND, LLC; JOSHUA )<br>BEKHOR, LLC *d/b/a Immediate Insurance* )<br>*Service*; JACQUELINE SOMESSO; and )<br>JOSHUA BEKHOR, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants. )<br>　　　　　　　　　　　　　　　　　　) | No. 9:22-cv-03427-DCN<br><br>**ORDER** |

　　　　The following matter is before the court on defendant William Scurry's ("Scurry") motion to dismiss, ECF No. 9, and Paradise Island, LLC's ("Paradise Island") motion to dismiss, ECF No. 10. For the reasons set forth below, the court denies the motions.

## I.  BACKGROUND

　　　　Plaintiff Atrium Corporate Capital Limited ("Atrium") brought this insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57. ECF No. 7, Amend. Compl. ¶ 1. Specifically, Atrium seeks a determination of the parties' rights and obligations under policy number ATR/LR/336888 (the "Policy") for the period of August 17, 2021, to August 17, 2022. Id. ¶ 2.

1

The Policy was issued to Darrell Williams ("Williams") for the property located at 2641 Speedway Blvd., Hardeeville, SC (the "Property"). Id. The Property is owned by Paradise Island, and Scurry executed a lease of the property for operation of a nightclub. Id. ¶¶ 19–20. The lessee was a joint venture executed July 20, 2021, between Elizabeth's SC, LLC (Elizabeth's) and Global Movement, LLC[1] ("Global Movement") with the venture being a nightclub business operating under the trade name Envy SC, LLC. Id. ¶¶ 17–20. Williams was notably absent from both the lease and the joint venture. Id. ¶¶ 18–20.

Nevertheless, Williams submitted a signed application for insurance coverage for the Property through his insurance broker, Joshua Bekhor (individually, "Bekhor") d/b/a Immediate Insurance Services ("IIS"), which identified the occupancy of the building as "a bank or office – mercantile or manufacturing," and which also asserted that the Property would not be used as a "Nightclub, Bar, Tavern, Casino, or Gentlemens [sic] Club." Id. ¶¶ 21–25. In reliance on the representations in the application, Atrium issued the Policy insuring the Property for the period of August 17, 2021, to August, 17, 2022. Id. ¶ 26. The dispute concerns whether Atrium is obligated to pay the loss resulting from fire damage at the Property that occurred around March 1, 2022, given the material misrepresentations in the insurance application. Id. ¶ 3. On September 27, 2022, Atrium advised the insured that the Policy was rescinded and void ab initio. Id. ¶ 49. This lawsuit followed.

---

[1] Defendant Jaqueline Somesso ("Somesso") signed the joint venture agreement on behalf of Global Movement.

Atrium filed the complaint against Elizabeth's, Global Movement, IIS, Paradise Island, Scurry, and Williams on October 4, 2022.  ECF No. 1.  Atrium filed an amended complaint, now the operative complaint, on October 26, 2022.  ECF No. 7, Amend. Compl.  Atrium filed this complaint in federal court pursuant to 28 U.S.C. §§ 2201, 1332—it alleges there is complete diversity of citizenship between Atrium, a United Kingdom citizen, and the South Carolina defendants (Scurry, Paradise Island, Elizabeth's, and Global Movement), the Georgia defendants (Somesso and Williams), and the California defendants (Bekhor and IIS).  Id. ¶ 15.  Scurry filed a motion to dismiss on December 14, 2022, ECF No. 9, and Paradise Island filed a motion to dismiss on that same date, ECF No. 10.  Atrium filed a combined response in opposition on January 9, 2023.  ECF No. 23.  Neither Scurry nor Paradise Island replied and the time to do so has since expired.  As such, the motions are fully briefed and now ripe for review.

## II.  STANDARD

### A.  Motion to Dismiss

When considering a Rule 12 motion to dismiss, the court must accept the plaintiff's well-plead factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

Under Federal Rule of Civil Procedure 12(b)(7), a party may move to dismiss for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Rule 19 provides that a required party is one which must be joined if "in that person's absence, the court cannot accord complete relief among existing parties" or that party claims an interest relating to the subject of the action and is "so situated that disposing of the action in the person's

3

absence may as a practical matter impair or impede the person's ability to protect the interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). To prevail, the party moving for dismissal must first show that the party in question is "necessary to a proceeding because of its relationship to the matter in question" under Federal Rule of Civil Procedure 19(a). Home Buyers Warranty Corp. v. Hanna, 750 F.3d 427, 433 (4th Cir. 2014) (citing Teamsters Local Union No. 171 v. Keal Driveaway Co., 173 F.3d 915, 917 (4th Cir. 1999)). Provided the party in question is deemed necessary, the court must then analyze whether the party is "indispensable" to the proceedings and "determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed." Id. at 435 (quoting Fed. R. Civ. P. 19(b)).

### III.  DISCUSSION

Under Fed. R. Civ. P. 12(b)(7), a party may move to dismiss for "failure to join a party under Rule 19." Paradise Island and Scurry contend that Atrium failed to join SIS Insurance Services ("SIS Insurance") and individual Christin Lather ("Lather") as defendants, warranting dismissal under Rule 19. ECF Nos. 9, 10[2] at 1. They claim that the absence of both SIS Insurance and Lather prevents the court from according complete relief among the existing parties. Id. Before turning to the legal arguments, the court examines the additional facts that the parties have set forth to explain their positions.

---

[2] As far as the court can tell, ECF Nos. 9 and 10 are substantively identical and both Paradise Island and Scurry share all the same arguments. As such, the court will primarily cite to the first filing from Scurry, ECF No. 9, noting that ECF No. 10, filed by Paradise Island, exactly reiterates the arguments proffered by Scurry.

Scurry claims that the Property at issue had been leased by Paradise Island to Lather on November 2, 2020, for a three-year term and Lather was required by the terms of her lease to insure the building. ECF No. 9-1; see also ECF No. 9-2 at 8–10. Consequently, Lather "(or others acting on her behalf) procured property insurance through Lloyd's London's agent [Bekhor] and [IIS] and [SIS Insurance] (which Scurry names as Lloyd's 'correspondent' and 'agent')," on or around August 17, 2021. ECF No. 9-1 at 1. Scurry alleges that the Policy procured by Lather names Scurry as an additional insured. Id. On September 2, 2021, Bekhor, IIS, and SIS Insurance issued a "Certificate of Insurance" validating the coverage of the Policy. Id. at 2; see also ECF No. 9-3. Lather tendered evidence of the Policy to Scurry as proof of the insurance required under the lease. ECF No. 9-1 at 2. Scurry and Paradise Island further claim that they initiated a state court action against Lather that Atrium has moved to dismiss.[3] Id.; see also ECF Nos. 9-4, 9-5.

---

[3] The amended complaint for the state action is included at ECF No. 9-5. Paradise Island and Scurry, as the plaintiffs, sued Lather, certain underwriters at Lloyd's, London subscribing to policy number ATR/LR/336888, Atrium, Joshua Bekhor, and IIS. ECF No. 9-5. Paradise Island brought the action against Lather, Bekhor, and IIS for breach of contract, against Bekhor and IIS for negligence and violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and an insurance coverage action for bad faith refusal to pay insurance benefits, breach of insurance contract, and contractual bad faith against the remaining defendants. Id. In essence, Paradise Island and Scurry either wish to have the destroyed building covered by the contested policy, or, in the alternative, hold Lather, Bekhor, and IIS responsible for the damage. Id. An important distinction is that Atrium sought to dismiss the state claim against itself—not the other defendants—citing comity because Paradise Island and Scurry filed the amended complaint after Atrium had filed its complaint for declaratory judgment in federal court. ECF No. 9-6. Paradise Island and Scurry filed the complaint in the state court claim on October 5, 2022, one day after Atrium initiated this declaratory judgment action. Paradise Island, LLC v. Christin Lather, 2022-CP-2700470 (Jasper Cnty. C.P. Oct. 5, 2022).

In response, Atrium indicates that the Policy at issue was issued only to Williams in his individual capacity. ECF No. 23 at 3. Atrium alleges that after the Policy was issued, some of the defendants including but not limited to Bekhor and IIS "caused and/or participated in the creation and issuance of fraudulent documents that contain a duplicate binder policy, with the same effective dates and same policy number as the Policy issued to Defendant Williams to 'Elizabeth's SC LLC dba Envy SC, LLC, and Global Movement, LLC.'" Id. (citing Amend. Compl. ¶ 3 d–e). Additionally, Atrium alleges that some of the defendants, including but not limited to Bekhor and/or IIS, then issued multiple versions of certificates of insurance, separately identifying Paradise Island and Scurry as "additional insured" under the fraudulent and non-existent policy designating "Elizabeth's SC LLC dba Envy SC, LLC, and Global Movement, LLC" as the "named insured[s]." Id. 3–4. It is with these additional claims in mind that the court turns to an analysis of Fed. R. Civ. P. 19.

Rule 19 of the Federal Rules of Civil Procedure sets forth a two-step inquiry for courts to determine whether a party is "necessary" and "indispensable." "The first question under Rule 19(a) is 'whether a party is necessary to a proceeding because of its relationship to the matter under consideration.'" Home Buyers Warranty Corp., 750 F.3d at 433 (quoting Teamsters, 173 F.3d at 917). "Second, if the party is necessary but joining it to the action would destroy complete diversity, the court must decide under Rule 19(b) 'whether the proceeding can continue in that party's absence.'" Id. (quoting Teamsters at 917–18). "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." McKiver v. Murphy-Brown, LLC, 980

F.3d 937, 951 (4th Cir. 2020) (quoting Owens-Illinois, Inc., v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) (citations omitted)).  The burden is on the party raising the defense to make the required showing under Rule 19, Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005), and the Rule 19 inquiry is left to the sound discretion of the court, Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) (citing Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980)).

  The first stage of the inquiry focuses on whether there were necessary parties not joined in the petition.  A party may be necessary under either Fed. R. Civ. P. 19(a)(1)(A) or (B).  A party is "necessary" under Rule 19(a) if, "in [its] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).  Alternatively, a party is necessary to an adjudication if it "claims an interest relating to the subject of the action" and its absence would either conflict with its "ability to protect the interest," Fed. R. Civ. P. 19(a)(1)(B)(i), or "leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest," Fed. R. Civ. P. 19(a)(1)(B)(ii).  On a motion for joinder, the moving party bears the burden of showing that the absent non-party is "necessary" under Rule 19(a).  See Am. Gen. Life & Accident Ins. Co., 429 F.3d at 92.  Rule 19(a)(1)(B) applies only where the non-party to be joined "claims an interest relating to the subject of the action."  Fed. R. Civ. P. 19(a)(1)(B); see McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 951 (4th Cir. 2020); Sunbelt Rentals Inc. v. Guzman, 2020 WL 5522997, at *2 (W.D.N.C. Aug. 27, 2020) ("It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply . . . . [it] does not apply when a

defendant attempts to assert an interest on an absent party's behalf."). Neither Lather nor SIS Insurance have claimed any interest in this action, and therefore Rule 19(a)(1)(B) does not apply here. Thus, the court turns to Rule 19(a)(1)(A) to determine whether Lather and SIS Insurance are necessary—meaning the court could not render complete relief without their presence in the case.

Scurry alleges SIS Insurance is at the core of this dispute since it issued the contested Certificate of Insurance. ECF No. 9-1 at 2. Similarly, Lather is a necessary and indispensable party because "she was the individual under the Commercial Lease who had the right and the obligation to insure the commercial property." Id. In other words, "she is the 'party' that contracted with Paradise Island [] to rent the commercial property, and she is the person who produced the Certificate of Insurance to Mr. Scurry when demand was made by Mr. Scurry for proof of insurance." Id. Paradise Island and Scurry "assert that this Court's remedy [] should be to order the joinder of both SIS [Insurance] and Lather." Id.

Atrium claims that "Lather is not an 'insured' or 'additional insured' under the [P]olicy. The Lease Agreement with Lather ha[d] nothing to do with Darrell Williams individually and was terminated prior to the fire loss." ECF No. 23 at 5. Thus, Atrium argues that it has no insurance relationship whatsoever with Lather individually, she has no claim for benefits under the Policy, and furthermore Lather and Elizabeth's SC have intertwined and/or overlapping interests and liability making the inclusion of Lather unnecessary for the declaratory judgment action. Id. As to SIS Insurance, Atrium indicates that its "investigation thus far has not uncovered any evidence suggesting that SIS [Insurance] participated in the material misrepresentations and/or issuance of

fraudulent insurance policy documents." Id. Consequently, Atrium avers that Lather and SIS Insurance are not necessary or indispensable parties to Atrium's declaratory judgment action, notwithstanding the fact that Paradise Island and Scurry allege them to be indispensable parties for their own relief. Id. at 6. As such, Atrium requests the court deny Paradise Island and Scurry's motion to dismiss or, in the alternative, enable a third-party complaint to pursue claims against Lather and SIS Insurance pursuant to § 1367 supplemental jurisdiction. Id.

The court finds the cause of action of the amended complaint instructive: Atrium seeks a declaration that Atrium issued only one insurance policy—specifically, the one issued to Williams as the named insured—and that the policy issued was void due to several material misrepresentations and since Williams had no insurable interest in the Property. Amend. Compl. ¶ 3. Further, Atrium seeks the court's declaration that the other policy at issue was never properly issued but rather is a fraudulent document which also means that Paradise Island and Scurry were never listed as additional insureds in either of the policies. Id. Given these allegations, Atrium argues that the inclusion of Lather and SIS Insurance is unnecessary for this cause of action. ECF No. 23 at 8–18.

While it may be convenient to add all involved persons as parties in this case, a party is not necessary simply because joinder would be convenient, or because two claims share common facts. See S. Co. Energy Mktg., LP v. Va. Elec. & Power, Co., 190 F.R.D. 182, 185 (E.D. Va. 1999) (citation omitted). Atrium is correct: Lather and SIS Insurance—though relevant to Scurry and Paradise Island's requested relief on related facts—are not necessary parties to Atrium's declaratory judgment action seeking a declaration of its insurance obligations. See ECF No. 23 at 5–6. As Scurry himself

admits, the absence of both SIS Insurance and Lather "would potentially extremely prejudice these Defendants' <u>rights of recovery on counterclaim or crossclaim</u>." ECF No. 9-1 at 2–3 (emphasis added). On their face, Scurry and Paradise Island's claims against Lather and SIS Insurance are not germane to the underlying declaratory judgment which Atrium filed in federal court.[4] The moving party bears the burden to make the required showing under Fed. R. Civ. P. 19. <u>Am. Gen. Life & Accident Ins. Co.</u>, 429 F.3d at 92. Despite Scurry and Paradise Island's minimal arguments on the issue, the court proceeds to examine the argument as best construed to determine whether they have made the required showing that each party is "necessary" below.

First, Scurry and Paradise Island have not clearly established that Lather is "necessary." Preliminarily, the claims against Lather focus on breach of contract claims whereby Lather as lessee of Paradise Island and Scurry's Property failed to adequately insure the leased Property as required by the terms of the contract. Atrium's Policy is surely implicated as the insurance sought in compliance with the contract, but it is unclear how the alleged actions by Lather might aid the court in deciding the underlying declaratory judgment insurance dispute because "Atrium has no insurance relationship with, and never had an obligation to provide coverage to [] Lather individually." ECF No. 23 at 12. To the extent that Lather's interests are implicated, it is through her ownership of the named entity Elizabeth's, which, importantly, is already named as a

---

[4] Importantly, neither Scurry nor Paradise Island demonstrate how either Lather or SIS Insurance is legally "necessary" as is contemplated under Rule 19. Rather, Scurry and Paradise Island submitted three short paragraphs wholly encompassing their legal standard and arguments for their motion. <u>See</u> ECF Nos. 9-1 at 2–3; 10-1 at 2–3. They did not file a reply to Atrium's response in opposition and the court is left to interpret as best it can the limited arguments provided by Scurry and Paradise Island on this issue.

10

defendant in this lawsuit. Id. at 9. This is relevant both to illustrate that Scurry and Paradise Island can pursue claims against Elizabeth's and to show that Lather is likely on notice as to the lawsuit and has nevertheless not sought to intervene or be joined. Id. at 9–10. As such, the court finds that Lather is not a necessary party to this lawsuit.

Second, it is fundamentally unclear what role SIS Insurance played in this matter since Scurry and Paradise Island have only alleged SIS is "the entity that apparently issued the Certificate of Insurance." ECF Nos. 9-1 at 2; 10-1 at 2. No explanation is given for how the certificate of insurance is relevant to this declaratory judgment, instead, Scurry and Paradise Island merely provide that "[t]here can be little question on its face that SIS [Insurance] . . . is necessary to this proceeding." Id. Despite Scurry and Paradise Island's assurances, the court has several questions as to how SIS Insurance is relevant and without more the court cannot find that SIS Insurance is a necessary party. As such, the court finds that SIS Insurance and Lather are not necessary parties, and "[i]f the person is not a necessary party, the inquiry ends." E&G, Inc. v. Mount Vernon Mills, Inc., 2019 WL 13150914, at 4 (D.S.C. June 24, 2019). For these reasons, the court denies the motions to dismiss for failure to name necessary parties.

### IV.   CONCLUSION

For the reasons set forth above, the court **DENIES** the motions, ECF Nos. 9, 10.

**AND IT IS SO ORDERED.**

                                            **DAVID C. NORTON**
                                            **UNITED STATES DISTRICT JUDGE**

**March 23, 2023**
**Charleston, South Carolina**

12