IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| ATRIUM CORPORATE CAPITAL LIMITED, *one of the capital providers for Lloyd's of London Syndicate 609, the sole Lloyd's Syndicate Subscribing to Lloyd's Policy No. ATR/LR.336888*<br><br>Plaintiff,<br><br>vs.<br><br>DARRELL WILLIAMS; ELIZABETH'S SC, LLC *d/b/a Envy SC, LLC*; GLOBAL MOVEMENT, LLC; WILLIAM SCURRY; PARADISE ISLAND, LLC; JOSHUA BEKHOR, LLC *d/b/a Immediate Insurance Service*; JACQUELINE SOMESSO; and JOSHUA BEKHOR,<br><br>Defendants. | No. 9:22-cv-03427-DCN<br><br>ORDER |

The following matter is before the court on plaintiff Atrium Corporate Capital Limited's ("Atrium") motion for entry of default judgment. ECF No. 48. For the reasons set forth below, the court denies the motion without prejudice.

## I.  BACKGROUND

Atrium brought this insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57. ECF No. 7, Amend. Compl. ¶ 1. Specifically, Atrium seeks a determination of the parties' rights and obligations under policy number ATR/LR/336888 (the "Policy") for the period of August 17, 2021, to August 17, 2022. Id. ¶ 2.

The Policy was issued to defendant Darrell Williams ("Williams") for the property located at 2641 Speedway Blvd., Hardeeville, SC (the "Property"). Id.  The

1

Property is owned by defendant Paradise Island, LLC, ("Paradise Island"). Id. ¶¶ 19–20. Defendant William Scurry ("Scurry") has an ownership interest in Paradise Island and executed a lease of the Property for operation of a nightclub. Id. ¶¶ 11, 19–20. The lessee was a joint venture executed July 20, 2021, between Elizabeth's SC, LLC ("Elizabeth's") and Global Movement, LLC[1] ("Global Movement") with the venture being a nightclub business operating under the trade name Envy SC, LLC. Id. ¶¶ 17–20. Williams was notably absent from both the lease and the joint venture. Id. ¶¶ 18–20.

Nevertheless, Williams submitted a signed application for insurance coverage for the Property through his insurance broker, Joshua Bekhor ("Bekhor") d/b/a Immediate Insurance Services ("IIS"). Id. ¶ 21. The application identified the occupancy of the building as "a bank or office – mercantile or manufacturing," and asserted that the Property would not be used as a "Nightclub, Bar, Tavern, Casino, or Gentlemens [sic] Club." Id. ¶¶ 21–25. In reliance on the representations in the application, Atrium issued the Policy insuring the Property for the period of August 17, 2021, to August 17, 2022. Id. ¶ 26. The dispute concerns whether Atrium is obligated to pay the loss resulting from fire damage at the Property that occurred around March 1, 2022, given the material misrepresentations in the insurance application. Id. ¶ 3. On September 27, 2022, Atrium advised the insured that the Policy was rescinded and void ab initio. Id. ¶ 49. This lawsuit followed.

Atrium filed the complaint in this court against Elizabeth's, Global Movement, IIS, Paradise Island, Scurry, and Williams on October 4, 2022, pursuant to 28 U.S.C.

---

[1] Defendant Jaqueline Somesso ("Somesso") signed the joint venture agreement on behalf of Global Movement. Id. ¶ 18.

§§ 2201, 1332. ECF No. 1. Atrium filed an amended complaint, now the operative complaint, on October 26, 2022. ECF No. 7, Amend. Compl. It alleges there is complete diversity of citizenship between Atrium, a United Kingdom citizen, and the South Carolina defendants (Scurry, Paradise Island, Elizabeth's, and Global Movement), the Georgia defendants (Somesso and Williams), and the California defendants (Bekhor and IIS). Id. ¶ 15. On April 17, 2023, Atrium requested entry of default as to Elizabeth's, Global Movement, Williams, and Somesso, ECF No. 38, which the clerk of court entered on April 18, 2023, ECF No. 39. On April 18, 2023, Atrium requested entry of default as to Bekhor and IIS, ECF No. 40, which the clerk of court entered on April 24, 2023, ECF No. 41. On August 29, 2023, Atrium filed a motion for entry of default judgment. ECF No. 48. On November 1, 2023, Scurry and Paradise Island responded in opposition, ECF No. 51, to which Atrium replied on November 7, 2023, ECF No. 53. As such, the motion is fully briefed and now ripe for review.

## II.  STANDARD

Securing a default judgment is a two-step process. First, upon a defendant's failure to plead or otherwise defend within the permissible period for response, a plaintiff must file a motion requesting the clerk of court for an entry of default. Fed. R. Civ. P. 55(a). Second, where the plaintiff's claim is not for sum certain, he or she must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). After a court has received an application, Rule 55 gives it great discretion in determining whether to enter or effectuate judgment, including the power to: "[]conduct an accounting; []determine the amount of damages; []establish the truth of any allegation by evidence; or []investigate any other matter." Id.; see also United States v. Ragin, 113 F.3d 1233 (4th Cir. 1997).

Once the clerk has entered default against a defendant, the court, in considering the plaintiff's application for default judgment, accepts a plaintiff's well-pleaded factual allegations as true. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defendant is not held to have admitted conclusions of law, Ryan, 253 F.3d at 780 (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)), or allegations that concern only damages, Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944)).

Thus, a court considering default judgment must still determine if the established factual allegations constitute a legitimate cause of action and provide a sufficient basis the relief sought. See Ryan, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in Appellants' complaint support the relief sought in this action."); see also Silvers v. Iredell Cnty. Dep't of Soc. Servs., 2016 WL 427953, at *4 (W.D.N.C. Feb. 3, 2016), aff'd, 669 F. App'x 182 (4th Cir. 2016). "The party moving for default judgment has the burden to show that the defaulted party was properly served and that the unchallenged factual allegations constitute a legitimate cause of action." Harris v. Blue Ridge Health Servs., Inc., 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted). If the court determines that the allegations entitle the plaintiff to relief, it must then determine the appropriate amount of damages. Id.

### III.  DISCUSSION

Atrium filed a fifteen-page motion for default judgment that included approximately 728 pages of attachments in support.[2]  See ECF No. 48; see also ECF Nos. 48-1; 48-2; 48-3; 48-4; 48-5; 48-6; 48-7; 48-8; 48-9; 48-10.  Initially, the parties agree that it is undisputed that defendants Williams, Somesso, Elizabeth's, Global Movement, Bekhor, and IIS are individually in default as to the amended complaint.  See generally ECF No. 48; see also ECF No. 51 at 3.  However, Scurry and Paradise Island object to Atrium's reliance on interviews given and statements made prior to the filing of this action in establishing its motion for default judgment.  ECF No. 51 at 3.  Scurry and Paradise Island also oppose the entry of a default judgment against the defendants individually in default and request the court follow the "preferred practice in a multi-defendant case" and "withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."  Id. at 3–4.  In reply, Atrium clarifies that it is seeking a motion for default judgment against all defendants, including Scurry and Paradise Island, who have responded and actively contest the sought declaratory judgment.[3]  ECF No. 53 at 2.  Additionally, Atrium argues that Scurry and Paradise Island's objections are untimely and should be disregarded.  Id. at 3.

---

[2] In considering a motion for default judgment, the court accepts as true all well-pleaded factual allegations in the complaint not relating to the amount of damages.  See Fed. R. Civ. P. 8(b)(6).  Thus, regarding default judgments, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein."  Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians, 187 F.3d 628 (4th Cir. 1999).  As such, it is unclear whether and to what extent the court may consider all the attachments to the motion.  Rather, it is probable that the court may not consider those attachments without converting the motion from a motion for default judgment into a motion for summary judgment.

[3] A motion for default judgment is not the appropriate mechanism for such a request.  See Fed. R. Civ. P. 55(b).  The Fourth Circuit has a "strong policy that cases be

Atrium's motion implicates the interplay among Rules 54 and 55 of the Federal Rules of Civil Procedure, as well as the need to avoid inconsistent judgments. After the Clerk has entered a default, the plaintiff may seek a default judgment under Rule 55(b). Unlike an entry of default, which only recognizes a party's failure to plead or otherwise defend the action, a default judgment determines the parties' rights and remedies. See Fed. R. Civ. P. 55(b). However, Rule 54(b) provides that, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for

---

decided on their merits," rather than through default judgment. See United States v. Shaffer Equip. Co., 11 F.3d 450, 452 (4th Cir. 1993). Initially, the court notes that Atrium first raises this argument in its reply brief which means it waived those arguments for this motion. See McBurney v. Young, 667 F.3d 454, 470 (4th Cir. 2012), aff'd, 569 U.S. 221 (2013). Even to the extent Atrium's motion and lengthy attachments could serve to establish such an argument in its initial brief, that argument is misplaced because Scurry and Paradise Island answered the complaint. See ECF Nos. 33; 34. Atrium argues that "[n]o discovery or deposition will change the[] facts" where the defendants admit that no policy was ever issued naming Paradise Island or Scurry as an Additional Insured meaning neither one has ever had coverage. ECF No. 53 at 8–9. It remains unclear whether that is true, but such an argument is reserved for the appropriate motion, which clearly is not a motion for default judgment. Compare Fed. R. Civ. P. 55(b), with Fed. R. Civ. P. 56(b).

Rule 56 clearly states that a motion for summary judgment may be filed at any time until thirty days after the close of discovery, even as early as commencement of the action. See Fed. R. Civ. P. 56(b); Fed. R. Civ. P. 56(b) advisory committee's note to 2009 amendment. Rule 12 also supports this notion, stating that a party may move to dismiss prior to filing a responsive pleading, but that if matters outside the pleadings are presented to and not excluded by the court, the motion should be treated as one for summary judgment. See Fed. R. Civ. P. 12(a)(4), (b), (d). Scurry and Paradise Island's response in opposition objected to the inclusion of lengthy attachments but also restricted their response to the appropriate standard of review for a motion for default judgment. See ECF No. 51 at 3–7. The court does not construe Atrium's motion for default judgment as a motion for summary judgment notwithstanding the lengthy attachments that go beyond the pleadings. As such, the court disregards portions of Atrium's brief where it presents arguments reaching the underlying merits in the instant motion. Should Atrium wish the court to consider a motion for summary judgment, it may file one with the court.

delay." Fed. R. Civ. P. 54(b) (emphasis added). "Ultimately, the court must 'exercise sound judicial discretion' when considering whether to enter a default judgment, because 'the moving party is not entitled to default judgment as a matter of right.'" Leighton v. Homesite Ins. Co. of the Midwest, 580 F. Supp. 3d 330, 332 (E.D. Va. 2022) (quoting EMI Apr. Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). This is especially true where multiple defendants are involved.

Well over a century ago, the Supreme Court provided context as to the availability of default judgment in actions involving multiple defendants which remains applicable today. See Frow v. De La Vega, 82 U.S. 552, 553 (1872). The Court noted the risk of an incongruous judgment should default judgment be awarded against some of the named defendants who were jointly liable but if upon trial the remaining defendants were exonerated from all liability. Id. at 554; see also Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 433–34 (E.D. Va. 2006). Given that concern, it has long been the practice in similar situations to wait to address the issue of default judgment against the unresponsive defendants until the court reaches final judgment as to the responsive defendants. See id.; Jefferson, 461 F. Supp. 2d at 434.

The Fourth Circuit has broadly interpreted Frow to hold that the "procedure established for multiple defendants by Rule 54(b) is strikingly similar and applicable not only to situations of joint liability but to those where the liability is joint and/or several." United States ex rel. Hudson v. Peerless Ins. Co., 374 F.2d 942, 944 (4th Cir. 1967). The court went on to note that even when co-defendants are alleged to be "closely interrelated," and one of the multiple defendants "establishes that plaintiff has no cause of action or present right of recovery, the defense generally inures also to the benefit of a

7

defaulting defendant." Id. at 945. Thus, Frow applies not only to defendants who are alleged to be jointly liable but also to those defendants thought to be jointly and/or severally liable or who are otherwise closely interrelated. See id. This practice is especially true of a case in which many of the arguments that may be asserted by all the defendants who are not in default could also justify judgments in favor of the defaulted defendants on some or all the plaintiff's claims. Fitzgibbons v. Atkinson, 2019 WL 343724, at *4 (D.S.C. Jan. 7, 2019), report and recommendation adopted sub nom. FitzGibbons v. Atkins, 2019 WL 342061 (D.S.C. Jan. 28, 2019).

      Atrium filed this complaint seeking a declaratory judgment from the court that no defendant—neither the responsive Paradise Island and Scurry nor the unresponsive Elizabeth's, IIS, Global Movement, Williams, Bekhor, or Somesso—is covered by the Policy because the Policy was void ab initio and was properly rescinded under South Carolina law. See Amend. Compl. ¶ 62. The facts underlying the action indicate that the named defendants are all interrelated and there are no grounds stated for individual liability separate from the liability of the other defendants. See generally id. ¶¶ 1–62. There is only one cause of action requesting a declaratory judgment against all defendants. Id. ¶¶ 52–62. While Atrium has not explicitly alleged that all the named defendants are jointly and/or severally liable for damages since it has alleged no damages, Atrium identifies the defendants as being interrelated and joined in the same conduct underlying the complaint. See id. Thus, the default judgment declaring that the Policy was not in force or applicable to the unresponsive defendants necessarily impacts the question of whether the Policy was in effect for Paradise Island and Scurry. See id. Since two of the interrelated defendants contest the action, it would be anomalous and

contrary to binding precedent to grant the motion for declaratory judgment against the unresponsive but interrelated defendants. See Peerless Ins. Co., 374 F.2d at 944; Frow, 82 U.S. at 553. This overlap establishes a "just reason" for delaying entry of default judgment against the unresponsive defendants, because granting the motion would risk issuance of inconsistent judgments. See Fed. R. Civ. P. 54(b). As such, the court finds that it should refrain from issuing a default judgment until the answering defendants address the merits of Atrium's claims. See Leighton, 580 F. Supp. 3d at 333; see also Fed. R. Civ. P. 54(b).

## IV.  CONCLUSION

For the reasons set forth above, the court **DENIES** the motion without prejudice.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**November 30, 2023**
**Charleston, South Carolina**